NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 2 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELINDA MANDVIWALA, as an individual and on behalf of all employees similarly situated, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> FIVE STAR QUALITY CARE, INC., a Delaware corporation, DBA Five Star Quality Care-CA, Inc.; FVE MANAGERS, INC., a Maryland corporation, <br><br> Defendants-Appellants. | No.  16-55084 <br><br> D.C. No. 8:15-cv-01454-VAP-SP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Before:  CALLAHAN and BEA, Circuit Judges, and WHALEY,[**] District Judge.

Defendants-Appellants Five Star Quality Care, Inc. and FVE Managers, Inc.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

("Five Star") appeal from the district court's order denying their motion to compel arbitration in an action brought by Plaintiff Melinda Mandviwala under the California Private Attorneys General Act ("PAGA"), alleging violations of various California labor laws. Mandviwala sought civil penalties under PAGA as well as unpaid wages on behalf of herself and similarly aggrieved employees. Five Star argued that Mandviwala had waived her representative PAGA claims and sought to arbitrate any other claims pursuant to an employment contract containing an arbitration agreement. We affirm in part, reverse in part, and remand.

1. A federal court sitting in diversity follows the choice-of-law rules of the state in which it sits. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 582 (2013) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). The district court applied California's choice-of-law provision governing enforceability of a contract. *See Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464-66 (1992).

PAGA represents a fundamental California policy. *See Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 378-79, 381 (2014) (analysis of the purpose and background of PAGA). Because application of Maryland law would result in a waiver of Mandviwala's representative PAGA claims, it is directly at odds with a fundamental policy of California. *See Brack v. Omni Loan Co., Ltd.*, 164 Cal. App. 4th 1312, 1324-25 (finding that application of a choice-of-law provision was in

2

error when the selected state's law conflicted with a fundamental policy of California). The district court did not err in applying California law rather than Maryland law, despite the choice of law provision in the employment contract.

2. Under California law, the waiver of representative PAGA claims in an employment contract is unenforceable. *Iskanian*, 59 Cal. 4th at 384. As we have already held in *Sakkab v. Luxottica Retail North America, Inc.*, the Federal Arbitration Act does not preempt *Iskanian*. 803 F.3d 425, 431 (9th Cir. 2015).

The subsequent rulings in *DirecTV, Inc. v. Imburgia*, 136 S. Ct. 463 (2015) and *Kindred Nursing Centers Limited Partnership v. Clark*, 137 S. Ct. 1421 (2017) do not displace *Sakkab*. First, *DirecTV* dealt with the arbitration of private damage claims, distinct from PAGA's enforcement of civil penalties. *Tanguilig v. Bloomingdale's, Inc.*, 5 Cal. App. 5th 665, 675 (2016). But more importantly, neither *DirecTV* nor *Kindred* announced new law; both cases reached a conclusion that "falls well within the confines of (and goes no further than) present well-established law." *See DirecTV*, 136 S. Ct. at 471; *Kindred*, 137 S. Ct. at 1429. The *Iskanian* rule is distinct from the rules at issue in *DirecTV* and *Kindred* because it is a generally applicable contract defense in that it bars any waiver of a PAGA claim, regardless whether the waiver appears in an arbitration agreement. *Sakkab*, 803 F.3d at 432-33.

3. While Mandviwala's claims for PAGA civil penalties are not subject to arbitration, Mandviwala's claims for unpaid wages under California Labor Code § 558 are subject to arbitration. *Esparza v. KS Indus., L.P.*, 13 Cal. App. 5th 1228, 1234 (2017). Civil penalties are distinguishable from unpaid wages because they cannot be collected in an individual capacity and because of their unique payout structure defined by PAGA, in which most of the penalties are paid into the state treasury rather than exclusively to the aggrieved employee. *Id.* at 1242-43.

Recovery of unpaid wages is a private dispute, particularly because it could be pursued individually by the employee. *Id.* at 1246. *Iskanian* is limited to claims "that can only be brought by the state or its representatives, where any resulting judgment is binding on the state and any monetary penalties largely go to state coffers." *Id.* (quoting *Iskanian*, 59 Cal. 4th at 388).

We recognize that there is conflict between *Esparza* and the California Court of Appeal's recent holding in *Lawson v. ZB, N.A.*, No. D071279, 2017 WL 6477857 (Cal. Ct. App. 4th Dist., Div. 1, Dec. 19, 2017), *as modified* (Dec. 21, 2017). *Lawson* held that claims for unpaid wages under California Labor Code § 558 are not private because "prior to enactment of PAGA there was no private remedy under section 558." 2017 WL 6477857, at *8. Thus, under *Lawson*, unpaid wages claims pursuant to § 558 are not subject to arbitration under a pre-dispute waiver of representative claims.

As such, we "must attempt to determine how the California Supreme Court might decide the issue." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). We find *Esparza* to be more consistent with the ruling of *Iskanian*. *Esparza* specifically distinguished between individual claims for compensatory damages (such as unpaid wages) and PAGA claims for civil penalties, which is more consistent with *Iskanian* and reduces the likelihood that *Iskanian* will create FAA preemption issues. *See Esparza*, 13 Cal. App. 5th at 1246 ("Employees claims for unpaid wages are subject to arbitration pursuant to the terms of the parties' arbitration agreement and the [FAA]. The rule of nonarbitrability adopted in *Iskanian* is limited to representative claims for civil penalties in which the state has a direct financial interest.").

Thus, based on *Esparza*, we reverse the district court's order and remand to the district court to order arbitration of the victim-specific relief sought by Mandviwala.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**