Filed 12/21/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| STATE OF CALIFORNIA ex rel. AETNA HEALTH OF CALIFORNIA, INC. et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> PAIN MANAGEMENT SPECIALIST MEDICAL GROUP et al., <br><br> Defendants and Appellants. | 2d Crim. No. B299025 <br> (Super. Ct. No. 17CV-0362) <br> (San Luis Obispo County) |

      The Legislature created the Insurance Fraud Protection Act (IFPA) to combat insurance fraud.  Here, a private insurance company contracts with a surgical center to provide medical services for its insureds.  The contract contains an arbitration clause to settle disputes.  The insurance company brings a qui tam action to recover damages and fees occasioned by the surgical center's fraudulent billing practices.

Here we decide the qui tam action is not subject to arbitration because it is brought on behalf of the state which is not a party to the contract between the insurance company and the surgical center.

Pain Management Specialist Medical Group, Cypress Ambulatory Surgery Center, and Doctors Boris Pilch, Jashvant Patel, and Marc Wolfsohn (collectively Pain Management) appeal the trial court's order denying their petition to compel arbitration of a qui tam action filed by relators Aetna Health of California, Inc. and Aetna Health Management, LLC (collectively Aetna) on behalf of the State of California (State).

This appeal concerns Aetna's claims of fraudulent insurance billing practices by Pain Management and its healthcare billing services in violation of the IFPA. (Ins. Code § 1871 et seq.)[1] Pain Management filed a motion to compel arbitration of Aetna's qui tam claim as well as Aetna's asserted individual claims. The trial court decided that the State is the real party in interest of the qui tam claim and cannot be compelled to arbitrate. Pain Management now appeals that ruling. We apply de novo review and affirm.

*FACTUAL AND PROCEDURAL HISTORY[2]*

On July 28, 2017, Aetna filed a complaint against Pain Management and other defendants, alleging a qui tam cause of action on behalf of the People of the State of California as well as individual claims of fraud, among other causes of action. The

---

[1] All statutory references are to the Insurance Code unless stated otherwise.

[2] We grant Pain Management's motion to augment the record on appeal regarding three documents that were designated as part of the record, but inadvertently omitted.

complaint alleges that Pain Management performed surgeries at its in-network-contracted ambulatory surgery centers but billed Aetna as though the surgeries had been performed at its out-of-network-non-contracted surgery centers.  As a result, Aetna paid Pain Management higher fees.

The qui tam cause of action alleges that Pain Management violated IFPA, by creating an unlawful insurance fraud billing scheme in violation of Penal Code section 550.  Aetna served copies of the sealed complaint on the California Department of Insurance and the San Luis Obispo County District Attorney. (§ 1871.7, subd. (e)(2).)  Neither agency sought to intervene and, as a result, the trial court ordered the qui tam complaint unsealed.  Aetna later dismissed the individual causes of action and proceeded to prosecute only the qui tam cause of action.

On April 2, 2019, Pain Management moved to compel arbitration of the qui tam cause of action.  To support its motion, Pain Management relied upon arbitration clauses contained in its contracts with Aetna.  Although the clauses differed slightly from contract to contract, generally they provided for mandatory binding arbitration administered by the American Arbitration Association and application of the Federal Arbitration Act, 9 United States Code sections 1-16, to the exclusion of inconsistent state laws that would yield a different result.  Aetna had drafted the arbitration clauses in the Pain Management contracts and required that the contracts be executed by its medical providers.

Following written and oral argument by the parties, the trial court denied the motion to compel arbitration.  In a reasoned and thoughtful written ruling, the court ruled that "the state, as owner of the IFPA claim, is not a party to the contracts containing the arbitration provisions."

3

Pain Management appeals and contends that Aetna, not the State, is the real party in interest who suffered harm by the alleged fraudulent billing practices.

## DISCUSSION

Pain Management asserts that Aetna should be bound by the arbitration provisions that it drafted and required medical providers to execute. Pain Management relies upon an unpublished federal case, *Deck v. Miami Jacobs Bus. College Co.* (S.D. Ohio, Jan. 31, 2013, No. 3:12-cv-63) 2013 U.S. Dist. Lexis 14845, holding that a federal False Claims Act claim may be subject to arbitration.

Pain Management points out that the qui tam cause of action rests upon the same allegations as Aetna's individual causes of action. It adds that Aetna dismissed the individual causes of action without prejudice after receiving the demand to arbitrate.

### *Standard of Review*

The party seeking arbitration bears the burden of proving the existence of an arbitration agreement; the party opposing arbitration bears the burden of proving any defense to arbitration. (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236 (*Pinnacle*).) Where, as here, there is no evidentiary conflict between the parties, we review the trial court's denial of arbitration de novo. (*Ibid.*) Moreover, the interpretation and application of a statute to undisputed facts is a question of law subject to de novo review. (*People ex rel. Allstate Ins. Co. v. Weitzman* (2003) 107 Cal.App.4th 534, 543-544 (*Weitzman*) [statutory interpretation of IFPA section 1871.7].)

4

*IFPA Provisions*

The Legislature enacted the IFPA to combat insurance fraud committed against insurers by individuals, organizations, and companies. (*Weitzman*, *supra*, 107 Cal.App.4th 534, 548-549.) Insurers are the direct victims of the fraud; insureds are the indirect victims who pay higher premiums due to insurance fraud. (*Id.* at p. 562.) "It is in the government's interest to have insurers investigate and prosecute [qui tam] proceedings. The government serves to gain both in terms of fraud prevention and financially from such actions, especially given limited investigative and prosecutorial resources available to it." (*Ibid.*)

Generally, a qui tam action is one brought pursuant to a statute allowing a private person to sue as a private attorney general to recover damages or penalties, all or part of which is paid to the government. (*People ex rel. Strathmann v. Acacia Research Corp.* (2012) 210 Cal.App.4th 487, 491-492 (*Strathmann*); *Weitzman*, *supra*, 107 Cal.App.4th 534, 538.) Pursuant to the IFPA, a qui tam action is brought on behalf of the People of the State of California, and the People are the real party in interest. (§ 1871.7, subd. (e)(1); *People ex rel. Alzayat v. Hebb* (2017) 18 Cal.App.5th 801, 830 ["[A] qui tam lawsuit vindicates an injury to the government, not an injury to the relator"]; *Strathmann*, at p. 492.)

Section 1871.7, subdivision (e)(1) of the IFPA expressly authorizes any interested person to bring a qui tam action to recover damages and penalties for fraudulent insurance claims both for the person and the State. (*Strathmann*, *supra*, 210 Cal.App.4th 487, 500.) Section 1871.7, subdivision (e)(1) provides: "Any interested persons, including an insurer, may bring a civil action for a violation of this section for the person

5

and for the State of California.  The action shall be brought in the name of the state."

The person bringing the qui tam action, the relator, stands in the shoes of the People of the State of California, who are deemed to be the real party in interest.  (*Strathmann*, *supra*, 210 Cal.App.4th 487, 501.)  The relator in a section 1871.7 qui tam action does not personally recover damages, but, if successful, receives a substantial percentage of the recovery as a bounty. (§ 1871.7, subd. (g); *Strathmann*, at p. 500.)

The procedural requirements of IFPA reflect that the State retains primacy of a qui tam action.  The State can dismiss the action, intervene in the action, or permit the relator to continue. (§ 1871.7, subds. (e)(1), (f)(3).)  IFPA also permits the State to oppose any settlement or bounty.  (§ 1871.7, subd. (g)(2)(A).)

Here the State cannot be compelled to arbitrate this qui tam IFPA action because it is not a signatory to the contracts. (*Pinnacle*, *supra*, 55 Cal.4th 223, 240.)  "[I]t is a cardinal principle that arbitration under the FAA 'is a matter of consent, not coercion.' " (*Ibid.*, citing *Volt Info. Sciences v. Leland Stanford Jr. U.* (1989) 489 U.S. 468, 478 [103 L.Ed.2d 488].) Thus, a party cannot be required to submit to arbitration a dispute that he has not agreed to submit.  (*Ibid.*)

In California, general principles of contract law determine whether the parties have a binding agreement to arbitrate. (*Pinnacle*, *supra*, 55 Cal.4th 223, 236.)  "In determining the rights of parties to enforce an arbitration agreement within the FAA's scope, courts apply state contract law while giving due regard to the federal policy favoring arbitration."  (*Ibid.*)

In the related context of the California Private Attorney General Act, *Iskanian v. CLS Transportation Los Angeles, LLC*

(2014) 59 Cal.4th 348, 386-387, concluded that a private attorney general claim is not a dispute between an employee and an employer, but is a dispute between the employer and the State. A private attorney general claim is a type of qui tam action. (*Id., at p.* 382.) The government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit. (*Ibid.*; *Tanguilig v. Bloomingdale's, Inc.* (2016) 5 Cal.App.5th 665, 671.) Thus, the State is the owner of the qui tam action, the real party in interest, and cannot be compelled to arbitrate without its consent. (*Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 622.)

The reasoning of *Deck v. Miami Jacobs Bus. College Co.*, *supra*, 2013 U.S. Dist. Lexis 14845, is not persuasive. *Deck* concerned the federal False Claims Act, a different statutory scheme from the IFPA in its purpose, scope of liability, victims, and recoveries. (*Weitzman*, *supra*, 107 Cal.App.4th 534, 561 [the only direct victim of the federal False Claims Act is the government].) "The purpose of section 1871.7, on the other hand, is to prevent and remedy . . . insurance fraud. Insurers, not the state government, are the direct victims of the fraud. Insureds are the indirect victims who pay higher premiums due to the prevalence of insurance fraud. . . . The government does not necessarily recover funds lost to it because of a fraud perpetrated on it." (*Id.* at p. 562.)

The order denying the motion to compel arbitration is affirmed. Costs are awarded to respondents.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

Ginger E. Garrett, Judge

Superior Court County of San Luis Obispo

_____

Buchalter, Andrew H. Selesnick, Robert M. Dato and Christopher L. Dacus for Defendants and Appellants.

Kennaday Leavitt, Curtis S. Leavitt and Lance M. Martin for Plaintiffs and Respondents.