Filed 2/1/21  Kaplan v. The Oakland Raiders etc. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BRADLEY KAPLAN, <br><br> Plaintiff and Respondent, <br> v. <br><br> THE OAKLAND RAIDERS AND RAIDERS FOOTBALL CLUB, LLC, <br><br> Defendants and Appellants. | A160773 <br><br> (Alameda County Super. Ct. No. RG19043119) |

The Oakland Raiders and Raiders Football Club, LLC (collectively, the Raiders) appeal from a trial court order denying their petition to compel Bradley Kaplan to arbitrate his representative Private Attorney General Act of 2004 (PAGA) claims.  (Lab. Code, § 2699 et seq.; Civ. Proc. Code, § 1294, subd. (a).)[1]  They contend the trial court erred in finding that an agreement by Kaplan to arbitrate his PAGA claims was unenforceable, because it was made without the state's consent.  We find no error and affirm.

## I.    BACKGROUND

The Raiders operate a professional football team, and Kaplan was hired as a talent scout.  Kaplan's employment contract contained an arbitration

---

[1] All statutory references are to the Labor code unless otherwise indicated.

1

clause requiring him to arbitrate "all matters in dispute" between him and the Raiders. Under the clause, Kaplan waived his right to commence or participate in a representative or class action. This waiver, however, included an exception that stated, "[Kaplan] and [the Raiders] may bring a representative action under any statute wherein their rights to bring such representative action are deemed unwaivable (such as the Private Attorneys General Act of 2004), but [Kaplan] and [the Raiders] must bring such claims in arbitration." Thus, the contract allowed Kaplan to bring a PAGA claim, but only in an arbitration proceeding.

Kaplan's employment ended in June 2019. A few months later, Kaplan submitted a claim to the Labor Workforce Development Agency alleging that the Raiders had violated the Labor Code. Our record does not indicate whether the agency notified Kaplan that it would investigate the claim. In November 2019, Kaplan sued the Raiders. The suit included various individual claims alleging wrongful termination. It also included claims alleging that the Raiders wrongfully failed to pay wages and required employees to sign overbroad confidentiality and non-disparagement agreements intended to prevent employees from whistleblowing about work conditions. Kaplan claimed he was an aggrieved employee, entitled to seek civil penalties in a representative capacity under PAGA (§ 2698 et seq.).

The Raiders petitioned the trial court to compel Kaplan to arbitrate his claims. The trial court granted the petition as to all of the claims except those brought under PAGA. It concluded that "[a]ctions under PAGA are in nature of a qui tam proceeding in that plaintiffs seek civil penalties that would otherwise be recoverable by the [state] . . . . An employee cannot agree to arbitrate PAGA claims because, before notice to the state and an opportunity for the state to investigate, the employee has no actual or

2

apparent authority to compromise the state's interest in a judicial forum for its claims."

## II.  DISCUSSION

### A.  Standard of Review and Legal Background

The denial of a motion to compel arbitration based on a decision of law is reviewed de novo.  (*Ramos v. Westlake Services, LLC*  (2015) 242 Cal.App.4th 674, 686.)  We affirm if the order is correct on any theory apparent from the record.  (*Ibid.*)

Under PAGA, aggrieved employees act as proxies for the state when pursuing civil penalties against their employers for Labor Code violations.  (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 360, 380 (*Iskanian*); § 2699.)  Aggrieved employees are "deputized" to commence a civil action if, after giving notice of the alleged Labor Code violations to the Labor and Workforce Development Agency, the agency either declines to investigate or the agency's investigation of the alleged violation results in no citation.  (§ 2699.3, subd. (a)(2)(A)-(B); *Iskanian*, at p. 380.)  As the California Supreme Court explained in *Iskanian*, PAGA was enacted "to augment the limited enforcement capability of the [state] by empowering employees to enforce the Labor Code as representatives of the [state]." (*Iskanian*, at p. 383.)  An agreement waiving the employees' right to pursue PAGA claims "disable[s] one of the primary mechanisms for enforcing the Labor Code," and it is therefore "contrary to public policy and unenforceable as a matter of state law."  (*Id.* at pp. 383–384.)

*Iskanian* also concluded that the rule against PAGA waivers is not preempted by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.).  (*Iskanian, supra,* 59 Cal.4th at pp. 360, 384.)  The Court explained that the FAA "aims to ensure an efficient forum for the resolution of *private* disputes."  (*Ibid.*)  A

3

PAGA action, a type of qui tam action, is not such a private dispute as it "is a dispute between an employer and the state Agency"—a claim beyond the scope of the FAA, which "does not aim to promote arbitration of claims belonging to a government agency." (*Id.* at pp. 382, 384, 388.) When a PAGA claim is brought by a statutorily designated proxy for the agency, the "fundamental character of the claim as a public enforcement action is the same in both instances." (*Id.* at p. 388.) Thus, the rule precluding waivers of an employee's right to bring a representative PAGA action does not thwart the FAA's objectives. (*Ibid.*)

## B. The Trial Court Properly Declined to Compel Arbitration of Kaplan's PAGA Claims.

The Raiders argue that the trial court erred in not enforcing the arbitration clause because the clause did not require Kaplan to waive his right to address his PAGA claims in *all* forums, but merely required him to address them in a particular forum—i.e., arbitration. According to the Raiders, the trial court's refusal to enforce the arbitration clause was improper because *Iskanian* "expressly contemplates that an employee may agree to arbitrate representative PAGA claims." We disagree.

In arguing that the arbitration clause should have been enforced because it allowed for the arbitration of the PAGA claims, the Raiders overstate the import of *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175 (*ZB*). *ZB* noted that "[a]n employee's predispute agreement to individually arbitrate [his or] her claims is unenforceable where it blocks an employee's PAGA claim from proceeding." (*Id.* at p. 198.) This comment merely confirmed *Iskanian*'s holding that agreements waiving the right to pursue PAGA claims are unenforceable. (See *Iskanian*, *supra*, 59 Cal.4th at p. 384.)

4

The comment cannot be reasonably read to suggest that any agreement that does not completely bar a PAGA claim from being redressed is necessarily enforceable. *ZB* simply did not address whether an arbitration clause can require PAGA claims to be arbitrated. (See *ZB*, *supra*, 8 Cal.5th at p. 181.)

*Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 624-625 (*Correia*), did address the issue, and it rejected the same arguments that the Raiders make here. In doing so, the court explained that the "state is the owner of the [PAGA] claim and the real party in interest, and the state was not a party to the arbitration agreement." (*Id.* at pp. 620, 622 [analyzing the trial court's refusal to order PAGA claim to arbitration even though the scope of the parties' arbitration agreement encompassed PAGA representative actions]; *Iskanian*, *supra*, 59 Cal.4th at p. 387.) The state "retains control of the right underlying the employee's PAGA claim at least until the state has provided the employee with implicit or explicit authority to bring the claim." (*Correia*, at p. 622.) Until such authority has been conferred, an employee does not have the authority to waive the right to litigate a PAGA claim in court. (*Ibid.*) "Without the state's consent, a predispute agreement between an employee and an employer cannot be the basis for compelling arbitration of a representative PAGA claim." (*Ibid.*) We agree with *Correia* and the other Courts of Appeal that have adopted this reasoning. (See, e.g., *Bautista v. Fantasy Activewear, Inc.* (2020) 52 Cal.App.5th 650, 655 ["arbitration agreements entered into before a plaintiff has been deputized for purposes of a PAGA representative action [are] not enforceable for purposes of the PAGA representative action"]; *Collie v. The Icee Co.* (2020) 52 Cal.App.5th 477, 483 (*Collie*) ["The state—the real party in interest—is not bound by [plaintiff's] predispute agreement to arbitrate" the PAGA action]; *Julian v. Glenair, Inc.* (2017) 17 Cal.App.5th 853, 860 ["an agreement to arbitrate a PAGA claim,

5

entered into before an employee is statutorily authorized to bring such a claim on behalf of the state, is an unenforceable predispute waiver"]; *Tanguilig v. Bloomingdale's, Inc.* (2016) 5 Cal.App.5th 665, 678 [because PAGA plaintiff "acts as a proxy for the state only with the state's acquiescence . . . a PAGA claim cannot be ordered to arbitration without the *state's* consent"].)

There is no evidence here that the state consented to an arbitration. Kaplan's employment contract was expressly "by and between Raiders Football Club, LLC ('Club') and Brad Kaplan ('Scout')"—not the state, on whose behalf the PAGA claims were brought. The arbitration clause only governed disputes between Kaplan and the Raiders. Thus, the trial court could not have compelled Kaplan to arbitrate his PAGA claims because the state, the real party in interest, was not a party to arbitration clause.[2] This determination does not conflict with the FAA, despite the Raider's insistence to the contrary. The FAA requires rigorous enforcement of arbitration agreements, " ' "including terms that specify *with whom* the parties chose to arbitrate their disputes." ' " (*Collie, supra*, 52 Cal.App.5th at p. 483.) By its plain terms, the arbitration clause here did not bind the state or identify it as a party to the contract. (See *ibid.*)

---

[2] We need not decide whether the FAA preempts states from categorically prohibiting the arbitration of certain claims, because the trial court's order found no such prohibition here. The Raiders interpret the order as categorically barring PAGA claims from arbitration, because it states that an employee "cannot be compelled to arbitration." But the next sentence of the order clarifies that employees cannot agree to waive or be compelled to arbitrate a PAGA action without actual or apparent authority from the state "to compromise the state's interest in a judicial forum for its claims." In other words, the court's order left open the possibility that an employee could be required to arbitrate PAGA claims if the employee had state authority to consent to such an arbitration.

6

The Raiders urge us to reject *Correia* in favor of federal cases holding that individual employees can agree to arbitrate PAGA or qui tam claims generally. (See, e.g., *Valdez v. Terminix Internat. Co. Ltd. Partnership* (9th Cir. 2017) 681 Fed.Appx.592, 594 [PAGA]; *Wulfe v. Valero Refining Co.-Cal.* (9th Cir. 2016) 641 Fed.Appx.758, 760 [PAGA]; *U.S. v. Bankers Ins. Co.* (4th Cir. 2001) 245 F.3d 315, 325 [qui tam]; *Cabrera v. CVS Rx Servs., Inc.* (N.D. Cal., Mar. 16, 2018, No. C 17-05803 WHA) 2018 U.S. Dist. LEXIS 43681 [PAGA].) We decline to do so. While these cases determined that the employees acted as state agents when they signed their respective arbitration agreements, they did not address whether the employees properly assumed the role of proxies for the state under PAGA's statutory scheme by being "aggrieved" at the time they agreed to arbitration and "deputized." (*Correia*, *supra*, 32 Cal.App.5th at pp. 623—624.) One of the cases did not analyze PAGA at all. (See *U.S. v. Bankers Ins. Co.*, 245 F.3d at p. 325.)

Finally, the Raiders have forfeited their argument that Kaplan was authorized by the state to enter into agreements on its behalf because he was an "aggrieved employee" at the time he signed his employment contract. The argument was not raised in the trial court, and we decline to exercise our discretion to consider it for the first time on appeal. (See *Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847; *Resolution Trust Corp. v. Winslow* (1992) 9 Cal.App.4th 1799, 1810.)

The trial court properly denied the Raiders' petition to compel arbitration of the PAGA claims.

## III. DISPOSITION

The trial court's order denying appellants' petition to compel arbitration on respondent's PAGA claims is affirmed.

7

_____

Humes, P.J.


WE CONCUR:



_____

Margulies, J.



_____

Banke, J.


_Kaplan v. Oakland Raiders and Raiders Football Club, LLC_  A160773