Filed 3/7/17

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROBERTO BETANCOURT, | |
| Plaintiff and Respondent, | E064326 |
| v. | (Super.Ct.No. RIC1503952) |
| PRUDENTIAL OVERALL SUPPLY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Daniel A. Ottolia, Judge. Affirmed.

Hill, Farrer & Burrill, Kyle D. Brown, James A. Bowles and Edward S. McLoughlin for Defendant and Appellant.

Lawyers for Justice, Edwin Aiwazian, Arby Aiwazian and Joanna Ghosh for Plaintiff and Respondent.

Plaintiff and respondent Roberto Betancourt (Betancourt) sued defendant and appellant Prudential Overall Supply (Prudential). Betancourt's complaint sets forth one cause of action: enforcement of the Labor Code under the Private Attorneys General Act (PAGA). (Labor Code, § 2698.)[1] Prudential filed a motion to compel arbitration.[2] The trial court denied Prudential's motion. Prudential contends the trial court erred. We affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

A.     COMPLAINT

Betancourt alleged the following in his April 2015 complaint: Betancourt was employed by Prudential. Betancourt and other Prudential employees worked over eight hours per day or more than 40 hours per week. Prudential failed to compensate Betancourt and other employees for all the hours they worked, as well as for missed breaks and meal periods. Prudential's failure to pay Betancourt and other Prudential employees for all the time worked was due to Prudential's "uniform policy and systematic scheme of wage abuse."

Within the sole cause of action, for "Violation of California Labor Code [section] 2698, et seq.," a section which concerns PAGA claims, Betancourt alleges a series of

---

[1] All subsequent statutory references will be to the Labor Code unless otherwise indicated.

[2] Prudential's document is labeled as a "Petition to Compel Arbitration." Because the document was filed within an existing action, rather than commencing an independent action, for the sake of clarity, we refer to it as a "motion to compel arbitration." (*Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, 772.)

violations: (1) failure to pay overtime; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to pay minimum wage; (5) failure to pay timely wages upon termination; (6) failure to pay timely wages during employment; (7) failure to complete accurate wage statements; (8) failure to keep complete and accurate payroll records; and (9) failure to reimburse necessary business-related expenses and costs.

In the "Prayer for Relief" section of the complaint, Betancourt requests "civil penalties pursuant to California Labor Code sections 2699(a), (f) and (g) plus costs/expenses and attorneys' fees for violation of California Labor Code sections 201 [wages due upon discharge or layoff], 202 [wages due upon resignation], 203 [wages not promptly paid], 204 [semimonthly wages], 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802," as well as "such other and further relief as the Court may deem equitable and appropriate."

## B. MOTION TO COMPEL ARBITRATION

Prudential filed a motion to compel arbitration. Prudential asserted Betancourt, on January 30, 2006, signed an Agreement to Arbitrate (the Agreement), which provided, "'I understand that it is my obligation to make use of the Company's Fair Treatment Process ('FTP') and to submit to final and binding arbitration any and all claims and disputes that are related in any way to my employment or the termination of my employment with Prudential Overall Supply." The Agreement further provides that Betancourt agreed "'to forego any right to bring claims on a representative or class member basis.'"

3

Prudential argued that all of Betancourt's claims related to employment and therefore were subject to arbitration pursuant to the Agreement. Prudential also asserted that Betancourt's PAGA claim was not exempt from arbitration because it was not really a PAGA action. Prudential asserted Betancourt's action, in substance, was a standard wage and hour case, and therefore was subject to arbitration. Prudential further noted that Betancourt was seeking remedies that did not fall within a PAGA cause of action, such as business expenses, unpaid wages, interest, attorney's fees, and costs.[3] Prudential argued Betancourt was attempting to evade arbitration by labeling his wage and hour claims as a PAGA case.

C.    OPPOSITION

Betancourt opposed the motion to compel arbitration. First, Betancourt asserted there was insufficient evidence of a valid agreement to arbitrate. Prudential submitted the declaration of a custodian of records, which Betancourt argued was "woefully" inadequate. Second, Betancourt contended his complaint only set forth a PAGA claim, and the prayer for relief section of the complaint was not determinative of the type of claim raised. Third, Betancourt asserted the waiver of Betancourt's right to bring a representative action/PAGA case was unenforceable because it would violate the State of California's substantive right to have its laws enforced.

_____

[3] PAGA "'authorizes a representative action only for the purpose of seeking statutory penalties for Labor Code violations [citation], and an action to recover civil penalties "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties."'" (*Iskanian v. CLS Transp. Los Angeles, LLC* (2014) 59 Cal.4th 348, 381 (*Iskanian*).)

4

Fourth, Betancourt argued the Agreement was unconscionable because (a) Betancourt had no opportunity to negotiate the Agreement; (b) Betancourt was not given a copy of the Agreement, instead the Agreement was explained to him; (c) the Agreement could be interpreted as causing Betancourt to waive his right to bring a PAGA case—a right that cannot be waived; (d) the Agreement could cause Betancourt to bear unreasonable costs; and (e) the Agreement is illusory and lacks mutuality.

D.      HEARING

On August 6, 2015, the trial court held a hearing on Prudential's motion.  At the beginning of the hearing, the trial court explained that a PAGA claim is not subject to an agreement to arbitrate.  (*Iskanian*, *supra*, 59 Cal.4th 348.)  The trial court further explained that, to the extent Betancourt's requested remedies are inconsistent with a PAGA case, the proper procedure would be for Prudential to file a motion to strike.  The trial court stated its tentative ruling was to deny Prudential's motion pursuant to *Iskanian*.

Prudential said Betancourt's claims should be subject to arbitration, and therefore it did not understand how it could bring a motion to strike.  The trial court explained that Prudential would be requesting a bifurcated trial on some of the Labor Code violations.  The trial court said, "My suggestion is do all your discovery, and then file a motion to strike once you've established exactly what Labor Code violations []he's alleging."  The court stated that Prudential would need to separate the PAGA and non-PAGA claims.  The trial court concluded, "A motion to compel arbitration is not the

5

proper vehicle." The trial court denied Prudential's motion without prejudice to Prudential filing a motion to strike.

## DISCUSSION

Prudential contends the trial court erred by denying the motion to compel arbitration because, under the Agreement, Betancourt's claims are subject to arbitration.

Because the trial court's denial of Prudential's motion was based upon a decision of law, we apply the de novo standard of review.[4]  (*Carlson v. Home Team Pest Defense, Inc.* (2015) 239 Cal.App.4th 619, 630.)

"[T]o bring a motion to compel arbitration, a party must plead and prove: '(1) the parties' written agreement to arbitrate a controversy . . . ; (2) a request or demand by one party to the other party or parties for arbitration of such controversy pursuant to and under the terms of their written arbitration agreement; and (3) the refusal of the other party or parties to arbitrate such controversy pursuant to and under the terms of their written arbitration agreement.'"  (*Sky Sports, Inc. v. Superior Court* (2011) 201 Cal.App.4th 1363, 1368, italics omitted.)  A party who has not signed an arbitration agreement cannot be compelled to arbitrate.  Additionally, a party who has not signed an arbitration agreement cannot be compelled to arbitrate merely because the

---

[4] The trial court did not issue a statement of decision.  However, the court relied upon *Iskanian* when giving its tentative reasons for denying the motion.  We rely upon the *Iskanian* cite as an indication that the trial court's ruling was based on a decision of law, as opposed to evidence.  (See *Border Business Park, Inc. v. City of San Diego* (2006) 142 Cal.App.4th 1538, 1550 ["'When the record clearly demonstrates what the trial court did, we will not presume it did something different'"].)

6

complaint defined the injured group as including employees who had signed arbitration agreements. (*Ibid.*)

The PAGA was designed to address two problems. The first problem was that alleged Labor Code violations often went unenforced because they were punishable as criminal misdemeanors, and prosecutors rarely investigated or prosecuted the alleged violations. The second problem was that when civil penalties could be assessed, there were few government resources to pursue enforcement of the penalties. (*Iskanian*, *supra*, 59 Cal.4th at p. 379.)

In response to these problems, the Legislature enacted the Labor Code Private Attorneys General Act of 2004 (PAGA), which authorizes "aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations." (*Iskanian*, *supra*, 59 Cal.4th at p. 379.) "'In a lawsuit brought under [the PAGA], the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency.'" (*Id.* at p. 380.) "The civil penalties recovered on behalf of the state under the PAGA are distinct from the statutory damages to which employees may be entitled in their individual capacities." (*Id.* at p. 381.) "A PAGA representative action is therefore a type of *qui tam* action." (*Id.* at p. 382.)

Betancourt has brought a PAGA case. Betancourt has alleged violations on a representative basis, cited law pertaining to PAGA (§ 2698), and seeks civil penalties. There has been no challenge to the pleadings, such that the nature of the case has been

7

clarified or changed.  (See *L.B. Laboratories v. Mitchell* (1952) 39 Cal.2d 56, 60 ["He made no effort by demurrer to have the complaint clarified"].)  Therefore, the case remains a PAGA matter.

The trial court correctly denied Prudential's motion to compel arbitration because a defendant cannot rely on a predispute waiver by a private employee to compel arbitration in a PAGA case, which is brought on behalf of the state.  (*County of Solano v. Lionsgate Corp. et al.* (2010) 126 Cal.App.4th 741, 749, fn. 5; see also *Iskanian*, *supra*, 59 Cal.4th at pp. 386-387.)  This is currently a PAGA case, and Prudential is relying on a 2006 predispute arbitration agreement by Betancourt to compel arbitration in this 2015 case brought on behalf of the state.   The state is not bound by Betancourt's predispute agreement to arbitrate.

For example, if the California Attorney General filed a lawsuit against Prudential for alleged Labor Code violations, Prudential could not rely on its 2006 predispute agreement with Betancourt to compel arbitration in the state's 2015 case.  In this PAGA action, Betancourt is suing on behalf of the state.  Prudential cannot rely on the predispute agreement with Betancourt to compel arbitration.  Therefore, while a PAGA action might be subject to arbitration, relying on a predispute agreement with a private party will not suffice to compel arbitration of a PAGA claim.  Thus, the trial court did not err by denying Prudential's motion.

Prudential sets forth a variety of arguments on appeal.  First, Prudential contends the trial court erred because Betancourt's complaint sets forth non-PAGA causes of action, as demonstrated by Betancourt's request for business expenses, unpaid wages,

8

interest, attorney's fees, and costs. As the trial court explained, Prudential has missed a procedural step. If Prudential believes Betancourt's complaint sets forth non-PAGA claims, then Prudential needs to challenge the pleadings. A motion to compel arbitration is not the proper procedural vehicle for sorting through alleged defects in the complaint. Prudential needs to challenge the defects it believes are in the complaint; and then, if there are private, non-PAGA actions, seek arbitration on those matters. (See *Broughton v. Cigna Healthplans of California* (1999) 21 Cal.4th 1066, 1088 ["when a suit contains both arbitrable and inarbitrable claims, the arbitrable claims should be severed from those that are inarbitrable and sent to arbitration"]; see also *Groom v. Health Net* (2000) 82 Cal.App.4th 1189, 1198 [filing demurrers to a vague complaint does not waive a right to arbitration].)

Prudential accuses Betancourt of attempting to make an "end run around arbitration" by incorrectly labeling his claims as a PAGA matter. It appears to this court that Prudential may be attempting to make an "end run" around a demurrer or motion to strike, by trying to roll a challenge to the pleadings into a motion to compel arbitration. As a result, we find Prudential's argument to be unpersuasive. (See *Hall v. Nomura Securities International* (1990) 219 Cal.App.3d 43, 47-48 [separate, but simultaneous, filings of demurrer and motion to compel arbitration].)

As background for Prudential's next arguments, we present information about *Iskanian*. In *Iskanian*, the arbitration agreement at issue required a waiver of class actions and representative actions. There was no dispute that a PAGA case was a representative action. (*Iskanian*, *supra*, 59 Cal.4th at p. 378.) The Supreme Court

9

examined "whether an employee's right to bring a PAGA action is waivable." (*Id.* at p. 383.) The Supreme Court concluded "an employee's right to bring a PAGA action is unwaivable." (*Ibid.*) The high court reasoned, "an agreement by employees to waive their right to bring a PAGA action serves to disable one of the primary mechanisms for enforcing the Labor Code. Because such an agreement has as its 'object, . . . indirectly, to exempt [the employer] from responsibility for [its] own . . . violation of law,' it is against public policy and may not be enforced. [Citation.]" (*Ibid.*) In sum, "an employment agreement [that] compels the waiver of representative claims under the PAGA . . . is contrary to public policy and unenforceable." (*Id.* at p. 384.)

The high court also concluded the foregoing state law—that the right to bring PAGA claims cannot be waived—is not preempted by the Federal Arbitration Act (FAA). (*Iskanian*, *supra*, 59 Cal.4th at p. 384.) The high court explained, "Simply put, a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between an employer and the *state*, which alleges directly or through its agents—either the Labor and Workforce Development Agency or aggrieved employees—that the employer has violated the Labor Code." (*Id.* at pp. 386-387.)

Second, Prudential asserts *Iskanian* did not hold PAGA claims are per se exempt from arbitration; rather, *Iskanian* held predispute waivers of the right to bring a representative action are unenforceable. Prudential contends it and Betancourt already agreed to arbitrate the PAGA claim, and therefore, the agreement on the forum for the PAGA claim is enforceable. Contrary to Prudential's position, *Iskanian* provides,

10

"Simply put, a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between an employer and the *state . . . .*" (*Iskanian*, *supra*, 59 Cal.4th at p. 386.) Thus, the fact that Betancourt may have entered into a predispute agreement to arbitrate does not bind the state to arbitration. As a result, we find Prudential's argument to be unpersuasive because it relies on a predispute agreement with Betancourt.

Third, Prudential contends it and Betancourt agreed that an arbitrator would decide the scope and application of the agreement to arbitrate, and therefore the arbitrator should decide if the PAGA claims are arbitrable.[5] A PAGA case is "a type of *qui tam* action." (*Iskanian*, *supra*, 59 Cal.4th at p. 382.) A PAGA case "is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between an employer and the *state . . . .*" (*Id*. at p. 386.) "[T]he State is the real party in interest." (*Id.* at p. 387.) The fact that Betancourt, in 2006, agreed to arbitrate his private employment disputes with Prudential is not relevant. Betancourt's lawsuit is a PAGA claim, on behalf of the state. The state is not bound by Betancourt's predispute arbitration agreement. As a result, we find Prudential's reliance on Betancourt's arbitration agreement to be unpersuasive.

Fourth, Prudential contends that the "representative claims" portion of the Agreement could be severed, and then Betancourt could be compelled to arbitrate his

---

[5] Betancourt contends Prudential forfeited this argument by failing to raise it in the trial court. We choose to address the issue because it is easily resolved.

11

claims.  As explained *ante*, Betancourt has brought a PAGA action.  PAGA actions are brought on behalf of the state.  Changing the terms of Betancourt's private employment agreement will not change the PAGA analysis because the state is not bound by Betancourt's predispute agreement.  Accordingly, we find Prudential's argument to be unpersuasive.

Fifth, Prudential contends that if *Iskanian* is interpreted as prohibiting arbitration of all PAGA claims, then that state law prohibiting arbitration is preempted by the Federal Arbitration Act (FAA).  We have not interpreted *Iskanian* as prohibiting arbitration of all PAGA claims.  Hypothetically, a PAGA plaintiff might consent to arbitration after the filing of a complaint.  We provide no advice on whether such a procedure would be proper.  Our reading of *Iskanian* is limited to a defendant's reliance on a predispute arbitration agreement to compel arbitration when an employee becomes a type of *qui tam* plaintiff in a PAGA action.  The problem, as noted earlier, concerns using a predispute contract between private parties to bind the state.  Due to the limited nature of the instant case, we have no impetus for making a sweeping interpretation of *Iskanian* that would apply to all cases, i.e., a blanket prohibition against arbitration in PAGA cases.  Therefore, we need not reach the preemption issue.

Sixth, Prudential, citing federal cases, asserts California law permits arbitration of PAGA claims.  One case Prudential relies upon is *Sakkab v. Luxottica Retail North America, Inc.* (2015 9th Cir.) 803 F.3d 425.  *Sakkab* provides, "The California Supreme Court's decision in *Iskanian* expresses no preference regarding whether individual

12

PAGA claims are litigated or arbitrated. It provides only that representative PAGA claims may not be waived outright." (*Sakkab*, at p. 434.)

The issue in the instant case is not an all-or-nothing question of whether PAGA cases can be arbitrated. The issue is whether Prudential can rely upon a predispute arbitration agreement with Betancourt to compel arbitration in a PAGA case. In *Iskanian*, our Supreme Court explained, "Simply put, a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between an employer and the state, which alleges directly or through its agents—either the Labor and Workforce Development Agency or aggrieved employees—that the employer has violated the Labor Code." (*Iskanian*, *supra*, 59 Cal.4th at pp. 386-387.) Betancourt is not suing in his private capacity. Betancourt is suing on behalf of the state. "[T]he state is the real party in interest." (*Id.* at p. 387.) The state is not bound by Betancourt's predispute agreement to arbitrate. (See *Mikes v. Strauss* (1995 S.D.N.Y.) 889 F.Supp. 746, 755 [government was not a party to the predispute arbitration agreement signed by an employee who became a *qui tam* plaintiff].)

As explained *ante*, if the California Attorney General filed a lawsuit against Prudential for alleged Labor Code violations, Prudential could not rely on its predispute agreement with Betancourt to compel arbitration. In this PAGA action, Betancourt is suing on behalf of the state. Prudential cannot rely on the predispute agreement with Betancourt to compel arbitration. Therefore, while a PAGA action might be subject to

13

arbitration, relying on a predispute agreement with a private party will not suffice to compel arbitration of a PAGA claim.

## DISPOSITION

The judgment is affirmed.  Respondent is awarded his costs on appeal.

CERTIFIED FOR PUBLICATION

MILLER

J.

We concur:

RAMIREZ

P. J.

McKINSTER

J.