Filed 7/20/20

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| TARAUN COLLIE, | |
|      Plaintiff and Respondent, | E071654 |
| v. | (Super.Ct.No. CIVDS1611741) |
| THE ICEE COMPANY et al., | OPINION |
|      Defendants and Appellants. | |

APPEAL from the Superior Court of San Bernardino County. Brian S. McCarville, Judge. Affirmed.

Lewis Brisbois Bisgaard & Smith, Lann G. McIntyre, Jeffrey S. Ranen, Erica Rocush and Aashish Bhargava for Defendants and Appellants.

Protection Law Group, Heather Davis, Amir Nayebdadash and Priscilla Gamino for Plaintiff and Respondent.

The Icee Company and J & J Snack Foods Corp. (collectively, Icee) appeal the trial court's order denying their motion to compel arbitration of a dispute with a former employee. The employee, Taraun Collie, alleged a single cause of action against Icee

1

under the Private Attorneys General Act of 2004 (PAGA).  (Lab. Code, § 2698 et seq.)[1]
We hold that under *Iskanian v. CLS Transportation Los Angeles LLC* (2014) 59 Cal.4th
348 (*Iskanian*) and *Betancourt v. Prudential Overall Supply* (2017) 9 Cal.App.5th 439
(*Betancourt*), an employee cannot be compelled to arbitrate a PAGA cause of action on
the basis of a predispute arbitration agreement.  (*Iskanian*, *supra*, at pp. 386-387;
*Betancourt*, *supra*, at pp. 445-446.)  We also join *Correia v. NB Baker Electric, Inc.*
(2019) 32 Cal.App.5th 602 (*Correia*) in holding that *Epic Systems Corp. v. Lewis* (2018)
__ U.S. __ [138 S.Ct. 1612] (*Epic*) does not undermine the reasoning of *Iskanian* and
*Betancourt*.  (*Correia*, at pp. 619-622.)  We therefore affirm.

BACKGROUND

Collie alleged that he worked for Icee from November 2014 to August 2015.
When he began his employment, he signed an arbitration agreement, which stated in
pertinent part:  "The Company and I mutually consent to the resolution by arbitration of
all claims or controversies ('claims'), past, present or future, whether or not arising out of
my employment (or its termination), that the Company may have against me or that I may
have against the Company or against its officers, directors, employees or agents in their
capacity as such or otherwise.  . . . The claims covered by this Agreement include, but are
not limited to, claims for wages or other compensation due . . . and claims for violation of
any federal, state, or other governmental law, statute, regulation, or ordinance, except
claims excluded elsewhere in this Agreement.  [¶]  Except as otherwise provided in this

---

[1]     Further undesignated statutory references are to the Labor Code.

Agreement, both the Company and I agree that neither of us shall initiate or prosecute any lawsuit or administrative action . . . in any way related to any claim covered by this Agreement." The agreement provided that the Federal Arbitration Act (FAA; 9 U.S.C. § 1, et seq.) would govern interpretation and enforcement of the agreement and all proceedings under it.

In July 2016, Collie filed his PAGA complaint on behalf of himself and other aggrieved employees. Icee moved to compel arbitration of Collie's "individual claim" in August 2018. It argued that the parties had agreed to bilateral arbitration only, so Collie had to arbitrate his PAGA cause of action on an individual basis—that is, he could not seek PAGA penalties on behalf of other Icee employees. And because Collie had agreed to arbitrate all claims or controversies with Icee, neither could he maintain a PAGA action on behalf of other employees in court. In other words, he had effectively waived his right to bring a PAGA action on behalf of other employees in any forum.

The trial court denied Icee's motion, concluding that our Supreme Court's decision in *Iskanian*, *supra*, 59 Cal.4th 348 required that result.

STANDARD OF REVIEW

Because the trial court relied on a determination of law to deny Icee's motion, we apply the de novo standard of review. (*Betancourt*, *supra*, 9 Cal.App.5th at p. 444.) We are not bound by the trial court's reasoning and "may affirm the denial on any correct legal theory supported by the record." (*Julian v. Glenair, Inc.* (2017) 17 Cal.App.5th 853, 864.)

3

DISCUSSION

The court did not err by denying Icee's motion to compel arbitration. Under PAGA, "'an "aggrieved employee" may bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations.'" (*Iskanian*, *supra*, 59 Cal.4th at p. 380.) Before bringing the PAGA action, the employee must give notice of the alleged Labor Code violations to the employer and the Labor and Workforce Development Agency (LWDA). (§ 2699.3, subd. (a)(1)(A); *Iskanian*, at p. 380.) The employee may bring the PAGA action only after the LWDA refuses to investigate or the agency's investigation results in no citation. (§ 2699.3, subd. (a)(2)(A)-(B); *Iskanian*, at p. 380.) Most of the recovered civil penalties (75 percent) go to the LWDA, with the remainder going to the aggrieved employees. (§ 2699, subd. (i); *Iskanian*, at p. 380.) "All PAGA claims are 'representative' actions in the sense that they are brought on the state's behalf. The employee acts as "'the proxy or agent of the state's labor law enforcement agencies'" and "'represents the same legal right and interest as'" those agencies." (*ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 185 (*ZB*).) Thus, a PAGA action to "'recover civil penalties "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties."'" (*Iskanian*, at p. 381.)

We held in *Betancourt* that an employer cannot rely on an employee's predispute arbitration agreement to compel arbitration of a PAGA claim. (*Betancourt*, *supra*, 9 Cal.App.5th at pp. 445-449.) We explained that, generally, a nonparty to an arbitration agreement cannot be compelled to arbitrate. (*Id*. at p. 445.) And given that a PAGA claim "'is a dispute between an employer and the *state*,'" the employee's "predispute

4

agreement to arbitrate does not bind the state to arbitration." (*Id.* at p. 447; accord *id.* at p. 449 [reasoning that the "'state is the real party in interest'" and is not bound by the employee's predispute arbitration agreement].) Several other courts considering the issue have reached the same conclusion. (*Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 622 (*Correia*) ["Without the state's consent, a predispute agreement between an employee and an employer cannot be the basis for compelling arbitration of a representative PAGA claim because the state is the owner of the claim and the real party in interest, and the state was not a party to the arbitration agreement"]; *Julian v. Glenair, Inc.*, *supra*, 17 Cal.App.5th at p. 872 ["[A]n arbitration agreement executed before an employee meets the statutory requirements for commencing a PAGA action does not encompass that action" because the employee entered into such an "agreement as an individual, rather than as an agent or representative of the state"]; *Tanguilig v. Bloomingdale's, Inc.* (2016) 5 Cal.App.5th 665, 678 ["Because a PAGA plaintiff, whether suing solely on behalf of himself or herself or also on behalf of other employees, acts as a proxy for the state only with the state's acquiescence (see § 2699.3) and seeks civil penalties largely payable to the state via a judgment that will be binding on the state, a PAGA claim cannot be ordered to arbitration without the *state's* consent"].)

We see no reason to depart from *Betancourt* here. Collie signed the arbitration agreement when he began his employment with Icee and before his PAGA claim arose. He executed the agreement in his individual capacity. The state had not deputized him to act at the time, and he therefore could not agree to arbitrate on behalf of the state. It does not matter that Icee wants to compel arbitration of Collie's cause of action on "an

5

individual basis," as opposed to as a representative of other aggrieved employees. Either way, Collie is suing "as a proxy for the state [and] only with the state's acquiescence." (*Tanguilig v. Bloomingdale's, Inc.*, *supra*, 5 Cal.App.5th at p. 678.) His predispute arbitration agreement does not encompass this PAGA action.

Icee argues that *Betancourt* and *Iskanian* are no longer good law after the United States Supreme Court's decision in *Epic*. The argument is unpersuasive. *Epic* considered the relationship between the FAA and the National Labor Relations Act (NLRA; 29 U.S.C. § 151 et seq.). (*Epic*, at p. 1619.) The employees argued that the NLRA's provision guaranteeing workers the right to engage in concerted activity conflicted with the class action waiver in their arbitration agreements, thereby rendering the class action waiver illegal. (*Id.* at p. 1624.) The *Epic* court rejected the employees' argument, "reconfirmed . . . that the FAA requires enforcement of class action waivers," and "determined the NLRA does not take precedence over the FAA on this issue." (*Correia*, *supra*, 32 Cal.App.5th at p. 618, citing *Epic*, at pp. 1623-1630.)

*Betancourt* relied on *Iskanian*'s discussion of the unique nature of a PAGA claim. But *Epic* does not address "the unique nature of a PAGA claim"—that is, the "'PAGA litigant's status as "the proxy or agent" of the state' and his or her 'substantive role in enforcing our labor laws *on behalf of* state law enforcement agencies.'" (*Correia*, *supra*, 32 Cal.App.5th at p. 620.) *Epic*, therefore, does not undermine *Iskanian*'s or *Betancourt*'s characterization of PAGA claims as law enforcement actions in which plaintiffs step into the shoes of the state. Indeed, even after *Epic*, our Supreme Court has

6

reiterated that employees bringing PAGA actions are acting as the proxy or agent of the state.  (*ZB*, *supra*, 8 Cal.5th at p. 185.)

Moreover, to the extent that *Epic* reconfirmed the breadth of the FAA, our decision does not conflict with *Epic*.  The FAA "requires courts 'rigorously' to 'enforce arbitration agreements according to their terms, including terms that specify *with whom* the parties choose to arbitrate their disputes.'"  (*Epic*, *supra*, __ U.S. at p. __ [138 S.Ct. at p. 1621].)  And the FAA's "saving clause allows courts to refuse to enforce arbitration agreements 'upon such grounds as exist at law or in equity for the revocation of any contract.'"  (*Id*. at p. 1622, quoting 9 U.S.C. § 2.)  We conclude that Collie's predispute arbitration agreement is unenforceable for a reason that does apply to any contract:  Icee cannot enforce a contractual provision to bind a nonparty.

Icee also argues that Collie's pursuit of "individual wage claims" under section 558 shows that this is a "private dispute arising out of his employment contract," which Collie must arbitrate.  The argument lacks merit.  Under section 558, any employer who violates overtime and other workday rules is subject to a civil penalty consisting of a fixed dollar amount per employee plus "an amount sufficient to recover unpaid wages."  (§ 558, subd. (a); accord *ZB*, *supra*, 8 Cal.5th at p. 187.)  But PAGA "does not authorize employees to collect section 558's unpaid wages through a PAGA action."  (*ZB*, at p. 188.)  Nor do employees have a private right of action under section 558.  (*ZB*, at pp. 188, 197.)  Under section 558, only the Labor Commissioner may issue citations for the fixed penalty plus unpaid wages.  (*ZB*, at pp. 188, 197-198.)  Accordingly, a PAGA claim seeking unpaid wages under section 558 includes an "impermissible request for

relief." (*ZB*, at p. 198.)  An impermissible request for relief cannot be compelled to arbitration any more than it can be litigated in court.  (*Ibid.*)  Thus, it is proper for the court to deny a motion to compel arbitration of a PAGA claim for unpaid wages under section 558.  (*ZB*, at p. 198.)

In sum, the court properly denied Icee's motion to compel arbitration of Collie's PAGA action.  The state—the real party in interest—is not bound by Collie's predispute agreement to arbitrate.  (*Betancourt*, *supra*, 9 Cal.App.5th at p. 446.)

## DISPOSITION

The order denying Icee's motion to compel arbitration is affirmed.  Collie shall recover his costs of appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

CERTIFIED FOR PUBLICATION

MENETREZ
J.


We concur:

McKINSTER
Acting P. J.

MILLER
J.