Filed 9/18/20  Moriana v. Viking River Cruises, Inc. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ANGIE MORIANA, | B297327 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC687325) |
| v. | |
| VIKING RIVER CRUISES, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard J. Burdge, Jr., Judge.  Affirmed.

Littler Mendelson, Douglas A. Wickham and Ian T. Maher for Defendant and Appellant.

Law Offices of Kevin T. Barnes, Kevin T. Barnes, Gregg Lander; Davtyan and Emil Davtyan for Plaintiff and Respondent.

————————————————

Angie Moriana sued her former employer Viking River Cruises, Inc. (Viking), seeking recovery of civil penalties under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.). Viking moved to compel Moriana's PAGA claims to arbitration, arguing that the United States Supreme Court's decision in *Epic Systems Corp. v. Lewis* (2018) ___ U.S. ___ [138 S.Ct. 1612] overruled the California Supreme Court's decision in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*), which held arbitration agreements that waive the right to bring PAGA representative actions in any forum are unenforceable. The trial court denied Viking's motion to compel arbitration. We affirm the order denying that motion.

## BACKGROUND

Moriana worked for Viking as a sales representative and agreed to submit any dispute arising out of her employment to binding arbitration. The agreement required Moriana to waive any right to bring a class, collective, representative, or private attorney general action. It also included a delegation provision, giving the arbitrator authority to resolve any disputes over the formation, existence, validity, interpretation or scope of the agreement.

Moriana sued Viking on behalf of the state and all other similarly situated aggrieved employees, alleging various Labor Code violations in a single cause of action under PAGA. Viking moved to compel Moriana's PAGA claims to arbitration. The trial court denied the motion.

## DISCUSSION

Because the pertinent facts are undisputed and the denial of Viking's motion was based upon a decision of law, our review is de

2

novo.  (*Betancourt v. Prudential Overall Supply* (2017) 9 Cal.App.5th 439, 347.)

Viking argues that the trial court should have compelled Moriana's PAGA claims to arbitration based on the United States Supreme Court's decision in *Epic Systems Corp. v. Lewis*, *supra*, 138 S.Ct. 1612, which Viking claims overruled our Supreme Court's decision in *Iskanian*, *supra*, 59 Cal.4th 348.  *Iskanian*, at pages 384 and 389, held that an arbitration agreement that included a waiver of an employee's right to bring a representative PAGA action in any forum violated public policy and that federal law did not preempt this rule.  Subsequent California Courts of Appeal cases applying *Iskanian* have held that an employee's predispute agreement to arbitrate PAGA claims is unenforceable absent a showing the state also consented to the agreement.  (*Julian v. Glenair, Inc.* (2017) 17 Cal.App.5th 853, 869–872; *Betancourt v. Prudential Overall Supply*, *supra*, 9 Cal.App.5th at pp. 445–449; *Tanguilig v. Bloomingdale's, Inc.* (2016) 5 Cal.App.5th 665, 677–680.)  Each of these cases relied on *Iskanian*'s reasoning that a PAGA representative action is a type of qui tam action and that the state is always the real party in interest in the suit.  (*Julian*, at pp. 871–872, *Betancourt*, at pp. 448–449; *Tanguilig*, at pp. 677–680.)

Viking argues that *Iskanian* is no longer good law in the wake of *Epic Systems Corp. v. Lewis*, *supra*, 138 S.Ct. 1612.  *Epic* was not a PAGA case.  Rather, *Epic*, at page 1620, held that an agreement that requires an employee to arbitrate claims individually does not violate employees' right to engage in concerted activity and collective action via federal class action procedures.  The *Epic* court noted the initial judicial antagonism toward arbitration " 'manifested itself in a great variety of devices and formulas declaring arbitration against public policy.' " (*Id.* at p. 1623.)  *Epic*

3

warned lower courts to be "alert to new devices and formulas that would achieve much [of] the same result" and declared that "a rule seeking to declare individualized arbitration proceedings off limits is . . . just such a device." (*Ibid.*)

Here, Viking argues that *Epic* invalidates the *Iskanian* rule against PAGA waivers as a judicially constructed device that prohibits or disfavors valid contracts requiring individualized arbitration proceedings. Since *Epic*, however, California courts continue to find private predispute waivers of PAGA claims unenforceable. (See, e.g., *Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 622; *Collie v. Icee Company* (2020) 52 Cal.App.5th 477, 483; *Kec v. Superior Court of Orange County* (2020) 51 Cal.App.5th 972, 977–978; *Bautista v. Fantasy Activewear, Inc.* (2020) 52 Cal.App.5th 650, 657–658.) This is because "*Epic* addressed a different issue pertaining to the enforceability of an individualized arbitration requirement against challenges that such enforcement violated the [National Labor Relations Act]." (*Correia*, at p. 619.) The cause of action in *Epic* "differs fundamentally from a PAGA claim" in that the real party in interest in a PAGA claim is the state. (*Correia*, at p. 619.) Thus, *Epic*'s warning about impermissible devices to get around otherwise valid agreements to individually arbitrate claims notwithstanding, *Iskanian* remains good law.[1] We therefore reject Viking's characterization of PAGA claims as a transparent device to

---

[1] "On federal questions, intermediate appellate courts in California must follow the decisions of the California Supreme Court, unless the United States Supreme Court has decided the same question differently." (*Correia v. NB Baker Electric, Inc.*, *supra*, 32 Cal.App.5th at p. 619; accord., *Tanguilig v. Bloomingdale's, Inc.*, *supra*, 5 Cal.App.5th at p. 673.)

preclude individualized arbitration proceedings and follow *Iskanian*, which instead viewed predispute PAGA waivers precluding PAGA actions in any forum as attempts to exempt employers from responsibility for violations of the Labor Code. (See *Iskanian*, *supra*, 59 Cal.4th at p. 383.)

Viking also argues that Moriana's "individual PAGA claim" should be compelled to arbitration. However, there are no individual PAGA claims. "All PAGA claims are 'representative' actions in the sense that they are brought on the state's behalf. The employee acts as ' "the proxy or agent of the state's labor law enforcement agencies" ' and ' "represents the same legal right and interest as" ' those agencies—' "namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency." ' " (*ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 185.) While *Iskanian*, *supra*, 59 Cal.4th at page 384, left open the possibility that an "individual PAGA action" might be cognizable, courts have since found that a single representative claim cannot be split into arbitrable individual claims and nonarbitrable representative claims. (See, e.g., *Correia v. NB Baker Electric, Inc., supra*, 32 Cal.App.5th at p. 625; *Tanguilig v. Bloomingdale's, Inc., supra*, 5 Cal.App.5th at p. 677.) "[R]egardless of whether an individual PAGA cause of action is cognizable, a PAGA plaintiff's request for civil penalties on behalf of himself or herself is not subject to arbitration under a private arbitration agreement between the plaintiff and his or her employer." (*Tanguilig*, at p. 677; accord, *Perez v. U-Haul Co. of California* (2016) 3 Cal.App.5th 408, 421 [single representative action not divisible into individual claims].) Moriana's complaint contains a single cause of action under PAGA and the only relief she seeks are statutory penalties for Labor Code violations. Thus, she

has brought a representative claim that cannot be compelled to arbitration. Moriana alleged no personal claim seeking compensation that might be individually arbitrated.

Lastly, Viking contends that the trial court erred by not sending the "gateway issues" to the arbitrator, that is, whether there was an agreement to arbitrate between the parties and whether the agreement covers the dispute. However, the threshold question here is not whether claims are arbitrable under an agreement among the parties, but rather whether there exists an agreement among the parties at all. "Under 'both federal and state law, *the threshold question presented by a petition to compel arbitration is whether there is an agreement to arbitrate.*'" (*Cruise v. Kroger Co.* (2015) 233 Cal.App.4th 390, 396.) Because Moriana was not acting as an agent of the state when she agreed to arbitrate any claim arising from her employment, there is no agreement that would bind the state to arbitration, even on the question of arbitrability.

## DISPOSITION

The order is affirmed. Angie Moriana is awarded her costs on appeal.

NOT TO BE PUBLISHED.


                                        DHANIDINA, J.


We concur:


        LAVIN, Acting P. J.              EGERTON, J.


6