Filed 5/21/24  Trujillo v. Scrap Solutions CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AMELIA TRUJILLO, | |
| Plaintiff and Respondent, | G063484 |
| v. | (Super. Ct. No. CIVSB2216785) |
| SCRAP SOLUTIONS, INC. et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of San Bernardino County, Wilfred J. Schneider, Jr., Judge.  Affirmed.

The Law Office of Yossi Noudel, Yossi Noudel; Fernald & Zaffos and Clay R. Wilkinson for Defendants and Appellants.

Hosseini Legal and Kaveh S. Hosseini for Plaintiff and Respondent.

Defendants Scrap Solutions, Inc., Aliso Recycling, LLC, Rudy's Express Auto Dismantling, LLC, and Amit Syal (collectively, defendants) appeal from the trial court's denial of their petition to compel plaintiff Amelia Trujillo to arbitrate her employment-related claims against them (the petition). The trial court denied the petition "due to [its] procedural deficiency."

We affirm. The trial court did not err by concluding the petition was procedurally defective because, inter alia, the petition failed to either allege verbatim the provisions of the parties' purported agreement to arbitrate Trujillo's claims, or attach a copy of any such agreement, as required by Code of Civil Procedure section 1281.2 and rule 3.1330 of the California Rules of Court.[1]

## FACTUAL AND PROCEDURAL HISTORY

### I.

### AFTER TRUJILLO FILES HER COMPLAINT, DEFENDANTS SERVE TRUJILLO WITH THE PETITION, WHICH NEITHER DESCRIBES NOR INCLUDES AN ARBITRATION AGREEMENT

In September 2022, Trujillo filed a complaint against defendants in which she asserted over a dozen employment-related claims based on violations of the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) and wage and hour laws. The complaint alleged Trujillo began her employment with defendants in or around February 2019. The complaint also alleged Syal was an owner, officer, director, and/or managing agent of Scrap Solutions, Aliso Recycling, and Rudy's Express Auto Dismantling.

---

[1] All further statutory references are to the Code of Civil Procedure.

On November 23, 2022, defendants served Trujillo with the petition[2] in which they sought an order compelling arbitration of Trujillo's claims, appointing an arbitrator, and staying court proceedings pending the completion of arbitration. The petition alleged: "Petitioner Scrap Solutions, Inc. and [Trujillo] have entered into a written agreement, a true and correct copy of which is attached as Exhibit 1 to arbitrate all of the controversies set forth in [Trujillo's] Complaint." The petition alleged: "By the terms of Exhibit 1 this agreement requires arbitration of all of the causes of action in the complaint against all [defendants] to be arbitrated."[3] No agreement, marked Exhibit 1 or otherwise, however, was attached to the petition.

The concomitantly filed notice of hearing on the petition stated the hearing was scheduled for January 24, 2023. The petition was not supported with a memorandum of points and authorities or any evidence.

---

[2] Notwithstanding section 1281.2's use of the term "petition," courts have used the word "motion" to describe a petition to compel arbitration when filed in an existing court action and not filed to initiate an independent action to compel arbitration proceedings. (See *Villareal v. LAD-T, LLC* (2022) 84 Cal.App.5th 446, 452, fn. 2 ["[B]ecause the pleading was filed in an existing lawsuit," the court referred "to it as a 'motion to compel arbitration'"]; *Betancourt v. Prudential Overall Supply* (2017) 9 Cal.App.5th 439, 442, fn. 2 ["Because the document was filed within an existing action, rather than commencing an independent action, for the sake of clarity," court referred "to it as a 'motion to compel arbitration.'"].) To the extent there are analytical differences between petitions and motions to compel, they do not apply to our resolution of the issues presented in this appeal. For clarity, we refer to the petition as a petition to be consistent with the terminology used by the parties and the court below.

[3] The petition also alleged that because the parties' arbitration agreement did not provide a method for appointing an arbitrator, the court must nominate five proposed arbitrators for the parties to consider.

3

## II.

### AFTER DEFENDANTS FILED THE PETITION AND NOTICE OF HEARING, THE COURT CLERK RETURNS BOTH BECAUSE THE NOTICE HAS AN INCORRECT HEARING DATE

Five days after serving Trujillo, on November 28, 2022, defendants filed the petition and the notice of hearing on the petition. The register of actions, however, shows, on that same date, the court returned those documents "due to date on documents wrong," stating "01/26/2023 is the hearing date that is reserved."

Our record does not show defendants refiled or thereafter served the petition and notice of hearing on the petition as amended to state the hearing date of January 26, 2023. The notice of hearing on the petition in our record bears a November 28, 2022 file stamp and also shows the number 24 in the "January 24, 2023" hearing date was crossed out and replaced with a handwritten 26 and the initials "SO." The record does not identify the circumstances or source of the handwritten marks on the notice of the hearing on the petition and does not suggest Trujillo was served a copy of the marked up notice of petition.

The next entry in the register of actions is a notice by the court clerk, executed on January 23, 2023, stating: "[T]he hearing on the petition to compel arbitration is calendared for the reserved date of 1/26/22. Per phone call with attorney's office on 1/20/22 attorney's office to give notice of the hearing date."[4] Again, the record does not explain what prompted the court's notice.

## III.

### DEFENDANTS FILE A NOTICE OF ERRATA ATTACHING AN ARBITRATION AGREEMENT IDENTIFIED AS "EXHIBIT 1"

On January 25, 2023, defendants filed a notice of errata, simply stating "TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD HEREIN: [¶] PLEASE TAKE NOTICE that Exhibit 1, attached hereto, is Exhibit 1 to the Petition

---

[4] This notice appears to contain typographical errors in its references to calendar year 2022 instead of 2023.

4

to Compel Arbitration filed November 28, 2022." This statement is followed by defendants' attorney's signature.

The attached Exhibit 1 is entitled "EMPLOYEE ARBITRATION FORM – HANDBOOK ADDENDUM." It states in its entirety: "This Employee Arbitration Agreement (hereinafter referred to as the 'Agreement') is entered into as of date below by and between the Employer and below signed employee (hereinafter referred to as the 'Employee'), collectively referred to as the 'Parties,' both of whom agree to be bound by this Agreement.

"The Employer believes that if a dispute related to the Employee's current employment arises during employment or in the future, it is in the best interest of both the Employee and the employer to resolve the dispute without litigation. Most disputes are resolved internally. When such disputes are not resolved internally, the Employer provides for their resolution by binding arbitration as described in this Agreement.

"As a condition and consideration of the Employee's employment with the Employer or any of its direct or indirect subsidiaries, the Parties agree as follows:

"1. Scope. Any and all 'covered claims' between the employee and the Employer shall be submitted to and resolved by final and binding arbitration in accordance with his Agreement.

"2. Covered Claims. 'Covered claims' include all legally protected employment related claims excluding those set forth below, that the Employee now has or in the future may have against the Employer or its officers, directors, shareholders, employees or agents which arise out of or relate to the Employee's employment or separation with the employer and all legally protected employment-related claims that the Employer has or in the future may have against the Employee.

"Claims not Covered. Notwithstanding any other provision of this Arbitration Agreement, this Agreement does not mandate arbitration of:

5

"e) Disputes arising under your Confidentiality, Non Disclosure, and Non-Competition Agreement with the Employer; OR

"f) Claims for Worker's Compensation benefits; OR

"g) Claims for unemployment compensation benefits; OR

"h) Any claims that, as a matter of law, cannot be subject to mandatory arbitration."  (Underscoring omitted.)

There is a handwritten signature above the line "EMPLOYEE SIGNATURE" and below that, the handwritten date of 3-20-19.

IV.

TRUJILLO'S OPPOSITION

On January 25, 2023, Trujillo filed an opposition to the petition in which she argued, inter alia, the petition (1) "provided [Trujillo] a mere three (3) days to respond prior to the hearing, as [she] was not given notice of the January 26, 2023, hearing until January 23, 2023," jeopardizing her ability to fully oppose the petition in violation of her right to due process; and (2) was "patently deficient" by failing to include any supportive evidence such as "any arbitration agreement, let alone an enforceable one."

In support of the opposition, Trujillo's attorney Kaveh S. Hosseini filed a declaration stating that, on December 23, 2022, after the trial court had rejected the petition on November 28, 2022, Hosseini called and spoke with the court clerk who confirmed the petition had been rejected.  The clerk further informed Hosseini that defendants would have to either refile the petition with the correct hearing date or reserve a new hearing date.  Significantly, the clerk "confirmed that there was no petition on file for [Trujillo] to oppose."

In his declaration, Hosseini further stated, on January 23, 2023, defendants served Trujillo with a notice "indicating that, the Court continued the hearing date from

6

January 24, 2023, to January 26, 2023."[5]  He stated "[t]his was the first time [Trujillo] received formal notice of the Petition filing being accepted and on calendar for a date other than what was listed on the Petition itself."

V.

AFTER THE HEARING IS CONTINUED TO MARCH 3, 2023, DEFENDANTS FILE SYAL'S DECLARATION AND TRUJILLO FILES A SUPPLEMENTAL OPPOSITION

On February 6, 2023, defendants filed notice the hearing on the petition had been continued, on the court's own motion, from January 26, 2023 to March 3, 2023. Defendants' notice also stated:  "PLEASE TAKE FURTHER NOTICE that the deadline to file a response was December 8, 2022, and no response has been filed by . . . Trujillo as of that date (or any date as of January 23, 2023), thus . . . Trujillo is deemed to have admitted all of the allegations in the Petition."

Defendants also submitted the declaration of Syal which stated:  (1) Syal is the CEO and president of Scrap Solutions, Inc.; (2) Aliso Recycling, LLC and Rudy's Express Auto Dismantling, LLC are wholly owned subsidiaries of Scrap Solutions, Inc.; (3) Trujillo was employed by Scrap Solutions, Inc. from March 20, 2019 until she resigned on April 22, 2022; and (4) on March 20, 2019, he observed Trujillo sign, inter alia, page 35 of the Employee Handbook, which is entitled "Employee Arbitration Form—Handbook Addendum" (some capitalization omitted).  Attached to Syal's declaration is a copy of "Scrap Solutions, Inc./Rudy's Express Auto Dismantling Employee Handbook" (some capitalization omitted).[6]

In response, Trujillo filed a "supplemental opposition" to the petition, reiterating her position the petition was procedurally deficient because it neither

---

[5]  Our record does not reflect defendants' service of the court's notice on Trujillo.

[6]  He also attached a copy of the e-mail exchange between Trujillo and Syal regarding her resignation.

contained the provisions, verbatim, of the parties' purported arbitration agreement nor included an attached copy of such an agreement. She pointed out defendants eventually and improperly introduced the purported arbitration agreement by way of a notice of errata and then through Syal's declaration, the latter of which was not identified in the petition and thus not therein incorporated within the meaning of section 1281.2 and rule 3.1330 of the California Rules of Court. In addition, Trujillo challenged the enforceability of the purported arbitration agreement on the grounds it was not based on the parties' mutual assent and was both procedurally and substantively unconscionable. She also argued, as the proffered arbitration agreement purports to be between Trujillo and Scrap Solutions, Inc., there was no basis for compelling Trujillo to arbitrate her claims against Aliso Recycling, Rudy's Express Auto Dismantling, LLC, and Syal who were not parties to that agreement.

The supplemental opposition was also supported by Trujillo's declaration stating, inter alia, the date she purportedly signed the arbitration agreement, she was employed by a staffing agency and was not directly employed by any of the defendants. She also stated she "did not agree to the terms set forth on the purported arbitration agreement, which appear[ed] to [her] to be an acknowledgement of receipt of a document," and defendants never discussed arbitration with her.

VI.

THE TRIAL COURT DENIES THE PETITION

Following the March 3, 2023 hearing on the petition, the trial court took the matter under submission. Later that day, the court ruled: "Petition is denied due to procedural deficiency." Defendants filed a timely notice of appeal. (§ 1294, subd. (a).) The trial court thereafter certified defendants' proposed settled statement in which they summarized the arguments presented at the hearing on the petition, including that the court erred by concluding the petition was procedurally deficient.

8

DISCUSSION

I.

GOVERNING LEGAL PRINCIPLES AND STANDARD OF REVIEW

In lieu of answering a complaint, a defendant may file a petition to compel arbitration pursuant to section 1281.2. (§ 1281.7.) Absent circumstances not at issue in our resolution of this appeal, section 1281.2 provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists." Rule 3.1330 of the California Rules of Court requires: "A petition to compel arbitration or to stay proceedings pursuant to Code of Civil Procedure sections 1281.2 and 1281.4 *must state*, in addition to other required allegations, *the provisions* of the written agreement and the paragraph *that provides for arbitration*. The provisions *must be stated verbatim* or a *copy must be physically or electronically attached to the petition* and *incorporated by reference*." (Italics added.)

The court thereafter is to employ a summary process in determining whether the parties had agreed to arbitrate their dispute. (*Gamboa v. Northeast Community Clinic* (2021) 72 Cal.App.5th 158, 164 (*Gamboa*).) "'[T]he trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final determination.' [Citation.] [¶] The burden of persuasion is always on the moving party to prove the existence of an arbitration agreement with the opposing party by a preponderance of the evidence: 'Because the existence of the agreement is a statutory prerequisite to granting the [motion or] petition, the [party seeking arbitration] bears the burden of proving its existence by a preponderance of the evidence.'" (*Id.* at pp. 164–165.)

The burden of production, however, may shift in a three-step process. (*Gamboa, supra*, 72 Cal.App.5th at p. 165.) "First, the moving party bears the burden of producing 'prima facie evidence of a written agreement to arbitrate the controversy.' [Citation.] The moving party 'can meet its initial burden by attaching to the [motion or] petition a copy of the arbitration agreement purporting to bear the [opposing party's] signature.' [Citation.] Alternatively, the moving party can meet its burden by setting forth the agreement's provisions in the motion. [Citations.] For this step, 'it is not necessary to follow the normal procedures of document authentication.' [Citation.] If the moving party meets its initial prima facie burden and the opposing party does not dispute the existence of the arbitration agreement, then nothing more is required for the moving party to meet its burden of persuasion." (*Ibid.*)

If the party moving to compel arbitration meets its initial prima facie burden, and the opposing party disputes the existence of an agreement to arbitrate the controversy, "then in the second step, the opposing party bears the burden of producing evidence to challenge the authenticity of the agreement" by, for example, producing evidence the party never signed the agreement or does not remember signing the agreement. (*Gamboa, supra*, 72 Cal.App.5th at p. 165.) "If the opposing party meets its burden of producing evidence, then in the third step, the moving party must establish with admissible evidence a valid arbitration agreement between the parties. The burden of proving the agreement by a preponderance of the evidence remains with the moving party." (*Id.* at pp. 165–166.)

"'We review an order denying a [motion or] petition to compel arbitration for abuse of discretion unless a pure question of law is presented. In that case, the order is reviewed de novo.' [Citation.] [¶] Where the decision is based on a finding of fact, ""we adopt a substantial evidence standard.""" (*Gamboa, supra*, 72 Cal.App.5th at p. 166.) Where the trial court's decision "'is based on the court's finding that [the party seeking arbitration] failed to carry its burden of proof, the question for the reviewing

10

court is whether that finding is erroneous as a matter of law.' [Citation.] ""'Specifically, the question becomes whether appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding."""" (*Ibid.*)

## II.

### THE TRIAL COURT DID NOT ERR BY DENYING THE PETITION ON THE GROUND OF "PROCEDURAL DEFICIENCY"

In their appellate briefs, defendants do not challenge the court's determination the petition was procedurally deficient. The record shows the petition was procedurally deficient in at least two respects. First and foremost, the petition, as filed on November 28, 2022, failed to comply with section 1281.2 and rule 3.1330 of the California Rules of Court because it neither stated, verbatim, the provisions of the parties' purported agreement to arbitrate their dispute, nor included an attached copy of any such agreement. Defendants offer no legal authority showing their notice of errata to which they attached a copy of the purported arbitration agreement, served two months after they filed the petition, remedied the problem. The omission of the agreement from the petition was integral to the petition's viability and not the type of nominal error that might be resolved through the use of a notice of errata.

Second, the register of actions shows the petition and the notice of petition were returned to defendants the same day they were filed because the notice reflected an incorrect hearing date. It does not show they were ever refiled and then served on Trujillo after fixing the hearing date. The register of actions is consistent with Hossein's declaration stating that during a December 23, 2022 telephone conversation, the court clerk confirmed the petition had been rejected, there was no pending petition on file for Trujillo to oppose at that time, and defendant had to either refile the petition with the correct hearing date or reserve a new hearing date. Defendants do not challenge

11

Hossein's declaration or offer any explanation how, under these circumstances, the petition was even before the court for a ruling on March 3, 2023 or otherwise.

In light of the petition's procedural deficiencies, defendants failed to meet their prima facie burden of producing evidence of a written agreement to arbitrate the parties' dispute. (See *Gamboa, supra*, 72 Cal.App.5th at p. 165.) Thus, the trial court did not err by denying the petition.

Because defendants failed to meet their initial burden, we do not address Trujillo's arguments regarding the existence and/or the enforceability of an agreement to arbitrate the parties' dispute.

In their opening brief, citing section 1290, defendants argue the trial court erred by not finding Trujillo to have waived the procedural defects of the petition by failing to respond to it. Section 1290 provides: "A proceeding under this title in the courts of this State is commenced by filing a petition. Any person named as a respondent in a petition may file a response thereto. *The allegations of a petition are deemed to be admitted by a respondent duly served therewith unless a response is duly served and filed*. The allegations of a response are deemed controverted or avoided." (Italics added.)

As discussed *ante*, defendants served the petition on Trujillo on November 23 and five days later, after filing it, the court clerk returned it to defendants. The following month, Trujillo's counsel contacted the court clerk who confirmed the petition had been returned to defendants and that there was no pending petition on file for Trujillo to respond to. As our record does not show the petition was ever re-filed and then served on Trujillo, it is unclear how it came before the trial court for decision at all. Once Trujillo became aware the petition had somehow been calendared for hearing on January 26, 2023, she immediately filed an opposition to the petition and later, filed a supplemental opposition. Section 1290 is therefore inapplicable.

12

DISPOSITION

The order is affirmed.  Respondent to recover costs on appeal.


MOTOIKE, J.

WE CONCUR:


GOETHALS, ACTING P. J.


SANCHEZ, J.

13