Filed 4/11/22  Adolph v. Uber Technologies CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ERIK ADOLPH,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant and Appellant. | G059860 (consol. w/ G060198)<br><br>(Super. Ct. No. 30-2019-01103801)<br><br>O P I N I O N |

Appeals from orders of the Superior Court of Orange County, Kirk H. Nakamura, Judge.  Affirmed.

Littler Mendelson, Andrew Spurchise, Sophia Behnia, and Anthony Ly for Defendant and Appellant.

Desai Law Firm, Aashish Y. Desai, Maria Adrianne De Castro; Goldstein, Borgen, Dardarian & Ho, Andrew Paul Lee and Mengfei Sun for Plaintiff and Respondent.

INTRODUCTION

A claim under the Labor Code Private Attorneys General Act of 2004, Labor Code section 2698 et seq. (PAGA), may only be brought by an "aggrieved employee." (Lab. Code, § 2699, subd. (a).) Plaintiff Erik Adolph contends that Uber Technologies, Inc. (Uber) misclassified employees as independent contractors and seeks civil penalties against Uber under PAGA. Before he began working for Uber, Adolph signed an arbitration agreement, under the terms of which all disputes between them are to be resolved in arbitration and which purported to waive Adolph's right to assert a PAGA claim. The California Supreme Court has held, however, that PAGA claims are not subject to arbitration and that an agreement waiving the right to bring a representative claim under PAGA violates public policy and is unenforceable. (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 384 (*Iskanian*).) Based on *Iskanian* and the cases following it, the trial court denied Uber's petition to compel arbitration.

Uber contends on appeal that the initial question of whether Adolph is an employee—who may bring a representative PAGA claim—or an independent contractor—who may not—must be determined in arbitration. We disagree. California case law is clear that the threshold issue of whether a plaintiff is an aggrieved employee in a PAGA case is not subject to arbitration. Therefore, we affirm.

FACTS AND PROCEDURAL HISTORY

Adolph was a driver for UberEATS, a meal delivery service. The company through which drivers are connected with those in need of UberEATS' services is owned by Uber. Before he began making deliveries for UberEATS in March 2019, Adolph created an account to use the UberEATS app. In creating his account, Adolph accepted an arbitration agreement, which "is governed by the Federal Arbitration Act," and which "applies to any dispute, past, present or future, arising out of or related to this Agreement or formation or termination of the Agreement and survives after the Agreement

2

terminates." The parties do not dispute the terms of the arbitration agreement or that Adolph accepted the arbitration agreement.

The arbitration agreement contains a waiver of all representative PAGA claims, whether in court or in arbitration. It also provides that the validity of the PAGA waiver may only be resolved in court, not through arbitration, and that if the PAGA waiver is found to be unenforceable, the litigation of PAGA claims must be stayed pending the outcome of arbitrable individual claims.

In October 2019, Adolph filed a putative class action complaint against Uber, claiming that Uber had misclassified employees as independent contractors, and had therefore failed to reimburse the class members for necessary work expenses. The complaint alleged two causes of action: (1) violation of Labor Code section 2802, and (2) violation of Business and Professions Code section 17200. Uber filed a petition to compel arbitration of Adolph's individual claims, strike the class action allegations, and stay all court proceedings. The parties stipulated to allow Adolph to file a first amended complaint adding a third cause of action for civil penalties under PAGA.

After the amended complaint was filed, Uber filed a renewed petition to compel arbitration. The trial court granted the petition compelling arbitration of Adolph's individual claims in the first two causes of action, found that the class claims on the first two causes of action were waived, and stayed the PAGA cause of action.

Adolph then filed a motion for leave to file a second amended complaint, which would include only the PAGA cause of action, and a motion for preliminary injunction to prevent the arbitration from proceeding. The trial court granted both motions. Uber filed a notice of appeal from the order granting the preliminary injunction, appeal No. G059860.

Adolph filed the second amended complaint alleging a single cause of action under PAGA. Uber filed a petition to compel arbitration of Adolph's independent contractor status and of all issues of enforceability or arbitrability. The petition requested

3

that the PAGA claim be stayed pending arbitration on the threshold issue of whether Adolph was an aggrieved employee entitled to assert the PAGA claim. Adolph both opposed and moved to strike the petition. The trial court denied the petition to compel arbitration, and Uber filed a notice of appeal, appeal No. G060198.

This court granted the parties' joint motion to consolidate appeal Nos. G059860 and G060198.

DISCUSSION

I. *Standard of Review*

Because the evidence is not in conflict, we review the order denying a petition to compel arbitration de novo. (*Banc of California, National Assn. v. Superior Court* (2021) 69 Cal.App.5th 357, 367.) The trial court's order granting a preliminary injunction is reviewed for abuse of discretion. (*Hunt v. Superior Court* (1999) 21 Cal.4th 984, 999; *Olson v. Hornbrook Community Services Dist.* (2021) 68 Cal.App.5th 260, 268.)

II. *The Federal Arbitration Act*

The Federal Arbitration Act (9 U.S.C. § 1 et seq.) (FAA) "establishes 'a liberal federal policy favoring arbitration agreements.'" (*Epic Systems Corp. v. Lewis* (2018) 584 U.S. ___ [138 S.Ct. 1612, 1621] (*Epic*).) By its terms, the FAA applies to any "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy" and makes those provisions "valid, irrevocable, and enforceable." (9 U.S.C. § 2.) The arbitration provision in the agreement between Adolph and Uber provides that it is to be governed by the FAA, and the agreement unquestionably involves commerce. The FAA is therefore implicated in this case.

III. *Under California Law, PAGA Claims Are Not Arbitrable*

In California, PAGA authorizes an employee to bring an action for civil penalties against his or her employer on behalf of the state for violations of the Labor Code. The California Supreme Court has held that because a PAGA claim is brought on

4

behalf of the state, which is not a signatory to the employment agreement, a PAGA claim is not subject to any arbitration agreement between the employee and the employer, despite the FAA's broad terms. "[A] PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between an employer and the *state*, which alleges directly or through its agents—either the Agency or aggrieved employees—that the employer has violated the Labor Code." (*Iskanian, supra*, 59 Cal.4th at pp. 386-387.) "[A] PAGA representative action necessarily means that this claim cannot be compelled to arbitration based on an employee's predispute arbitration agreement absent some evidence that the state consented to the waiver of the right to bring the PAGA claim in court." (*Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 624-625 (*Correia*).) There is no evidence or argument that the state of California has consented to arbitrate the PAGA claim in this case.

In *Epic*, the United States Supreme Court held that class action waivers in arbitration agreements are enforceable. (*Epic, supra*, 138 S.Ct. at p. 1619.) The plaintiff employee in that case was pursuing FLSA and California overtime claims on a class-wide basis. (*Id.* at p. 1620.) Numerous courts have held that *Iskanian* survives *Epic* because "the cause of action at issue in *Epic* differs fundamentally from a PAGA claim." (*Correia, supra*, 32 Cal.App.5th at p. 619.) "Although the *Epic* court reaffirmed the broad preemptive scope of the Federal Arbitration Act [citation], *Epic* did not address the specific issues before the *Iskanian* court involving a claim for civil penalties brought *on behalf of the government* and the enforceability of an agreement barring a PAGA representative action in any forum. We thus conclude the trial court properly ruled the waiver of representative claims in any forum is unenforceable." (*Id.* at p. 609; see *Contreras v. Superior Court* (2021) 61 Cal.App.5th 461, 471-472; *Olson v. Lyft, Inc.* (2020) 56 Cal.App.5th 862, 872; *Tanguilig v. Bloomingdale's, Inc.* (2016) 5 Cal.App.5th 665, 673.) We see no reason to diverge from clear California authority in this case.

5

*IV. Whether Adolph Is Entitled to Assert PAGA Claims Against Uber Must Be Decided by the Court, Not an Arbitrator*

California cases uniformly hold that whether a plaintiff is an aggrieved employee who may assert a PAGA claim is a matter to be decided by the court, not by an arbitrator, even if the parties signed an arbitration agreement. In *Provost v. YourMechanic, Inc.* (2020) 55 Cal.App.5th 982, the defendant company sought to require the plaintiff to arbitrate whether he was an employee or an independent contractor before proceeding with a representative PAGA claim, based on the parties' arbitration agreement. (*Id.* at p. 987.) The appellate court rejected the defendant company's argument: "[T]hreshold issues involving whether a plaintiff is an 'aggrieved employee' for purposes of a representative PAGA-only action cannot be split into individual arbitrable and representative nonarbitrable components." (*Id.* at p. 996.) The court also held that, because the state is the real party in interest in a PAGA claim, such a claim cannot be ordered to arbitration without the state's consent, despite any arbitration agreement between the nominal plaintiff and the defendant. (*Id.* at pp. 997-998.)

*Contreras v. Superior Court, supra*, 61 Cal.App.5th 461 reached the same conclusion, holding that PAGA claims cannot be sent to arbitration without the state's consent (*id.* at p. 472), and that the preliminary question of whether the plaintiff is an employee or an independent contractor must be decided by the court, not an arbitrator (*id.* at pp. 473-475).

Uber argues these cases were decided improperly. Uber contends that PAGA is not a true qui tam statute, and the state is not actually the real party in interest. "'Traditionally, the requirements for enforcement by a citizen in a qui tam action have been (1) that the statute exacts a penalty; (2) that part of the penalty be paid to the informer; and (3) that, in some way, the informer be authorized to bring suit to recover the penalty.'" (*Iskanian, supra,* 59 Cal.4th at p. 382.) The *Iskanian* court held that although a portion of the penalty goes to all the employees affected by the employer's

6

violation rather than only to the "'informer,'" a PAGA claim still meets all the elements of a qui tam action. (*Ibid.*) Uber cites *Magadia v. Wal-Mart Associates, Inc.* (9th Cir. 2021) 999 F.3d 668, 676, in which the Ninth Circuit held a PAGA claim is not a true qui tam action. However, *Magadia* was addressing standing under Article III of the United States Constitution, not the arbitrability of the status of an aggrieved employee, and it is therefore not instructive here. We disagree that California courts have erred in concluding that a PAGA claim is outside the FAA because it is not a dispute between an employer and an employee arising out of an arbitration provision in the employment agreement.

Uber also contends that *Iskanian* and the cases following it improperly obstruct the FAA's objective to promote arbitration. Uber asks this court to reconsider those cases because the United States Supreme Court's reasoning in *Epic* that arbitration agreements must be enforced according to their terms (*Epic, supra*, 138 S.Ct. at p. 1619) is "equally applicable" to the PAGA claim in the present action. Uber fails to note, however, that its own arbitration provision treats PAGA claims differently than any other type of claim. The arbitration provision in Uber's agreement with Adolph purports to waive all representative PAGA claims, gives the courts the exclusive jurisdiction to consider whether the waiver is valid, and requires that any PAGA claims be resolved in court and not in arbitration. Although the arbitration provision does not explicitly grant to the courts the authority to determine whether a PAGA claimant is an aggrieved employee, the provision's retention of all other authority over a PAGA claim in the court makes this a fair inference.

The issue whether a plaintiff's status as an aggrieved employee of Uber should be decided by the court or an arbitrator was decided against Uber in *Rosales v. Uber Technologies, Inc.* (2021) 63 Cal.App.5th 937. The court in *Rosales* relied on the opinions in *Provost v. YourMechanic, Inc., supra*, 55 Cal.App.5th 982 and *Contreras v. Superior Court, supra*, 61 Cal.App.5th 461, and held that Uber's arguments did not

7

compel the court to depart from those authorities. (*Rosales v. Uber Technologies, Inc., supra*, at p. 942.)

Uber cites several federal cases in support of its argument that the issue of arbitrability should have been decided by an arbitrator, rather than the court. (See *Ali v. Vehi-Ship, LLC* (N.D.Ill., Nov. 27, 2017, No. 17 CV 02688) 2017 U.S.Dist. Lexis 194456; *Richemond v. Uber Technologies, Inc.* (S.D.Fla. 2017) 263 F.Supp.3d 1312, 1317; *Lamour v. Uber Technologies, Inc.* (S.D.Fla., Mar. 1, 2017, No. 1:16-CIV-21449-Martinez/Goodman) 2017 U.S.Dist. Lexis 29706.) Uber also cites cases in which the courts decided that issues of misclassification of an employee must be resolved before substantive issues can be addressed. (See *Johnston v. Uber Technologies, Inc.* (N.D.Cal., Sep. 16, 2019, No. 16-cv-03134-ECM) U.S.Dist. Lexis 161256; *Sakyi v. Estee Lauder Companies, Inc.* (D.D.C. 2018) 308 F.Supp.3d 366, 382; *Ali v. Vehi-Ship, LLC, supra*; *Lamour v. Uber Technologies, Inc., supra*.) In addition to being counter to California authority, these cases address the arbitrability and enforceability of an arbitration clause against a claim under the federal National Labor Relations Act or other federal law, not California's PAGA.[1]

The United States Supreme Court heard arguments on March 30, 2022, in the case of *Viking River Cruises, Inc. v. Angie Moriana*, case no. 20-1573 (*Viking*). In *Viking,* employee Moriana signed an arbitration provision before starting work for Viking

---

[1] Uber also cites *Mohamed v. Uber Technologies, Inc.* (9th Cir. 2016) 848 F.3d 1201 for the proposition that the arbitration provision applies to the determination of all arbitrability questions. But Uber fails to fully cite the case. The full quote (a part of which is cited on page 34 of appellant's opening brief), reads: "The 2014 Agreement clearly and unmistakably delegated the question of arbitrability to the arbitrator under all circumstances. Neither delegation provision was unconscionable. Thus, all of Plaintiffs' challenges to the enforceability of the arbitration agreement, save *Gillette's challenge to the enforceability of the PAGA waiver in the 2013 Agreement*, should have been adjudicated in the first instance by an arbitrator and not in court." (*Id.* at p. 1208, italics added.) That opinion also reads: "The question of arbitrability as to all but Gillette's PAGA claims was delegated to the arbitrator." (*Id.* at p. 1206.)

River Cruises. The provision required arbitration of any dispute arising out of her employment, and prohibited class or representative actions or private attorney general proceedings. Moriana later brought a single PAGA claim against Viking River Cruises; the trial court denied Viking River Cruises's petition to compel an individualized arbitration, the appellate court affirmed, and the California Supreme Court denied a petition for review. The question presented by the petition for writ of certiorari is: "Whether the Federal Arbitration Act requires enforcement of a bilateral arbitration agreement providing that an employee cannot raise representative claims, including under PAGA."

The *Viking* petition seemingly acknowledges how this court must rule in the present case given the current state of the law: "The time is right for this Court to put an end to this unfairness by reviewing and rejecting the *Iskanian* rule. The decision below and its refusal to budge in light of *Epic* make clear that no matter how clearly this Court underscores the importance of the FAA and enforcing parties' agreements to arbitrate bilaterally, the California courts will stick with *Iskanian* unless and until this Court directs them otherwise. Only this Court can check California's insistence that there is something special about representative PAGA actions that places them outside the scope of [*AT&T Mobility LLC v.*] *Concepcion* [(2011) 563 U.S. 333], outside the scope of *Epic*, and outside the scope of the FAA."

Unless and until the United States Supreme Court or the California Supreme Court directly overrules it, the courts of this state must follow the rule of *Iskanian* (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), which establishes that the trial court did not err by concluding that the initial issue of whether Adolph can pursue a PAGA claim as an aggrieved employee must be decided by the trial court, not an arbitrator.

9

DISPOSITION

The orders are affirmed.  Respondent to recover costs on appeal.

O'LEARY, P. J.

WE CONCUR:

MOORE, J.

GOETHALS, J.